IN THE MATTER OF EDWIN S. WESTCOTT, ATTORNEY AT LAW.

First Judicial District, Hartford, October Term, 1895.  ANDREWS, C. J., TORRANCE, FENN, BALDWIN AND HAMERSLEY, Js.

There has never been any practice in this State to have attorneys tried by the bar for misconduct.  The Superior Court alone can make an order of total expulsion or displacement.

An order of the Superior Court disbarring an attorney at law from practicing in the courts of this State, although a judicial act, is yet so far a matter of discretion, that a reviewing tribunal ought not to interpose its authority except when it is plain that the attorney has been wronged by the order.

An attorney who collects money for his client, refuses to pay it over on repeated demands, but secretly converts it to his own use, is not in a position to ask the interference of a reviewing tribunal upon such an order.

[Submitted on briefs October 3d—decided November 1st, 1895.]

COMPLAINT by the grievance committee of the Hartford County bar against Edwin S. Westcott, alleging improper and unprofessional conduct, and praying that a rule issue to show cause why he should not be disbarred from practice in this State; brought to the Superior Court in Hartford County and tried to the court, *Thayer J.*; facts found and a decree rendered disbarring the respondent from practicing as an attorney at law in the courts of this State, and appeal by him for alleged errors in the rulings of the court.  *No error.*

*Edwin S. Westcott*, for himself, appeared, but filed no brief.

*John H. Buck*, Assistant State's Attorney, for the State.

But one question is suggested by the record in this case, viz: How is an attorney at law to be removed from his official position? He is an officer of the court and is answerable to it for misconduct. *Savings Bank* v. *Ward*, 100 U. S., 198; *Ex parte Garland*, 4 Wall. 378; *Bradley* v. *Fisher*, 13 Wall. 354; *Randall* v. *Brigham*, 7 Wall. 540.

By virtue of § 785 of the General Statutes of 1888, the Superior Court of Connecticut has jurisdiction over all attorneys admitted to practice before it, including the right to suspend or displace them for just cause; and by virtue of § 784, the right to establish rules for the removal of attorneys is vested in the justices of the Superior Court. Under and by virtue of said power, the judges of the Superior Court established a rule providing for the appointment of a grievance committee whose duty was stated to be, " to inquire after, investigate, and present offenses not occurring in the actual presence of the court, involving the character, integrity, and professional standing of members of the bar."

Attorneys of this State have never been tried, and could not have been tried, by the bar of any county in this State for misconduct. The bar, as such, is not a court, and has no judicial power; and a judgment of disbarment would be an exercise of judicial power. *Ex parte Secombe*, 19 How. (U. S.) 9; *Ex parte Garland*, 4 Wall. 378; *Fairfield County Bar* v. *Taylor*, 60 Conn., 12.

The defendant was guilty of a wrongful conversion and appropriation of the money of his client. With the facts before it, the Superior Court could do nothing but disbar the defendant, and this was accordingly done.

FENN, J. The appellant, Edwin S. Westcott, an attorney at law residing in Glastonbury and practicing in Hartford County, in this State, was, by the Superior Court in and for said county, upon proceedings had in strict accordance with the provisions of the rules regulating the suspension and displacement of attorneys (58 Conn. 592), displaced from the bar, and disbarred and prohibited from practicing as an attorney at law in the courts of this State.

Two reasons of appeal from said judgment are assigned. The first reason is in these words: "That the said court had no jurisdiction of the matters alleged in said entitled cause: 1. Because, that for a time before which the memory of man runneth not to the contrary up to Sept. 1, 1890, when the last rules were adopted to take effect, every lawyer or attorney against whom charges have been preferred, has been tried by his brother lawyers of the bar of the county to which he belonged. 2. That the bar to which such an attorney belonged has, during all this long time, been the only court before whom, on any charges of misconduct, an attorney could be tried. 3. That the judges of the State could not by any such adoption of rules, so change the law and custom of Connecticut with respect to any attorney admitted to the bar before the adoption of said rules of September 1, 1890 ; and said Westcott was admitted to practice before said date. 4. That the said Edwin S. Westcott should have been tried by the members of the bar where he was admitted by his peers."

It is difficult to treat such claims as the above seriously. But if an answer is necessary, it may be found in the ruling and language of this court in *Fairfield County Bar* v. *Taylor*, 60 Conn., 12. There is no truth whatever in the averments made as to previous practice in this State. Attorneys have never been tried by the bar for misconduct. The bar, as such, is neither a court nor a jury. "Only the Superior Court can make an order of total expulsion or displacement. In the absence of specific provisions to the contrary, the power of removal is, from its nature, commensurate with the power of appointment."

The appellant's second reason of appeal is, that "the matters as reported by the committee and in evidence before the court, were not sufficient to empower the court to disbar the said Edwin S. Westcott from practice before the courts of the State."

From the finding made by the court, it appears that on the day when the hearing was ordered the State's Attorney for Hartford County appeared to prosecute the complaint, and

said Westcott appeared for himself and moved that the hearing be postponed, which motion was overruled by the court, and the parties were ordered to proceed with the hearing. And thereupon said Westcott, in a rude and contemptuous manner left the court room, and indicated by his language and manner, and by his refusal to reply when asked by the court if he desired to be further heard, that he did not intend to be further heard in the matter. The court thereupon heard the State's Attorney and his evidence and witnesses in support of the complaint, and found that said Westcott, as the attorney of John Hooker, Esq., of Hartford, did, in December, 1892, collect the sum of $200 due to said Hooker, ninety dollars of which, by the terms of his employment, he was bound to account for and pay over to said Hooker immediately upon its collection; that though payment had often been demanded he had never paid the same, but, upon its receipt by him, had converted and disposed of the same to his own use; and that by reason thereof the said Westcott was an unfit person to be a member of the bar of this State.

In *Fairfield County Bar* v. *Taylor, supra*, where, as in the present case, no objection was made upon the record, this court, while entertaining a similar appeal for the purpose of examining the case, expressly referred to the fact that no statute authorized and no usage permitted it. The reasons for this were given. It was there said: "Such an order, although it is a judicial act, has in it so much that is of a discretionary nature as to suggest great difficulties in an appeal. It is discretion, too, that ought to be exercised with great moderation and care. But sometimes it must be exercised, and no other tribunal can decide in a case of removal from the bar, with the same measure of information as the court itself. A revising tribunal, if there be such an one, would feel the delicacy of interposing its authority, and do so only in a plain case."

When an attorney does that of which the appellant was charged in the complaint, and of which he was found guilty by the court, that is, collects a considerable sum of money for a client, and then neglects, notwithstanding frequent de-

mands upon him by the client, to pay over the client's part, and converts it to his own use without the consent or knowledge of said client—under such circumstances, such an attorney has no " plain case " upon which to ask the interference of a revising tribunal, in order to permit him to remain a member of the bar.

There is no error.

In this opinion the other judges concurred.